IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWMAN, | No. 2:16-CV-1575-WBS-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| THE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to amend (Doc. 13).

**I. BACKGROUND**

Plaintiff filed the original complaint in the Fresno Division of this court, naming the wardens of California State Prison – Corcoran ("Corcoran") and California State Prison – Solano ("Solano") and various other officers at those institutions. Plaintiff was an inmate at Corcoran at the time he commenced the action. In a July 8, 2016, order transferring the action to the Sacramento Division, Chief Judge O'Neill described plaintiff's claims as follows: "(1) a

Fourth Amendment claim based on his allegation that he was forced to submit to urinalysis without reasonable suspicion, and (2) an Eighth Amendment claim regarding the conditions he endured as punishment for violating prison rules related to the urinalysis, including that he was denied medical care during this period." Chief Judge O'Neill also noted: "While the Complaint does not explain what conduct is alleged to have occurred at which facility, Plaintiff attached a copy of the Rules Violation Report that documents that the urinalysis, and at least some of the disciplinary proceedings that followed, occurred at [Solano]."

Following transfer of the case to the Sacramento Division, plaintiff filed a document entitled "Amendment of Civil Pleading," which is docketed as a first amended complaint (Doc. 10). Responding to the transfer order, plaintiff states that he is complaining of events at Corcoran. Plaintiff specifically states: "Corcoran Prison is the institution which caused this harm." As to Solano, plaintiff states: "Plaintiff has prior civil tort claim in appellant review against Solano Prison for same acts." Attached to plaintiff's filing is an Eastern District form prisoner civil rights complaint in which he complains of a forced urine test on February 17, 2015. Plaintiff states on the form complaint that the events took place at Corcoran and he names only Corcoran prison staff as defendants.

In November 2016 plaintiff filed a notice of change of address indicating that he had been transferred to Salinas Valley State Prison ("SVSP"). On March 3, 2017, plaintiff filed a motion for leave to amend (Doc. 13). In this document, plaintiff states that he wants to include allegations against staff at Solano and SVSP for "a continued cause of action from 8-20-2013 to 1-28-2017." Filed with plaintiff's motion for leave to amend is a second amended complaint (Doc. 14) plaintiff captions "Amended Complaint." Based on a November 23, 2015, order form the Solano County Superior Court attached to the pleading, it appears that plaintiff's "prior civil tort claim" against Solano was dismissed without leave to amend. Plaintiff now names defendants at Solano, Corcoran, and SVSP. Part of the filing is a copy of Doc. 10.

///

1   Common to plaintiff's claims are allegations relating to mandatory drug testing at
2   the three prisons, refusal to submit to drug tests, and the consequences thereof.

**II. DISCUSSION**

With the first amended complaint, plaintiff made it clear that this action was initiated with the goal of raising claims against defendants at Corcoran. With the pending motion for leave to amend and proposed second amended complaint, plaintiff now seeks to expand the litigation to include claims against defendants at Solano and SVSP.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

/ / /
/ / /
/ / /

1 | To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As with the original complaint and the first amended complaint, the proposed second amended complaint is frivolous in that it fails to state a claim for relief. Specifically, plaintiff does not link any alleged wrongdoing to any named defendant. Plaintiff names as defendants 32 Solano officers, 8 Corcoran officers, and 8 SVSP officers. Nowhere in the second amended complaint, however, does plaintiff state what any of the named defendants are alleged to have done, with the exception of the various prison wardens and other supervisory defendants whom plaintiff alleges are responsible under a respondeat superior theory. For this reason, the court will not grant leave to file the proposed second amended complaint, which will be disregarded.

### III. CONCLUSION

At this point, the action proceeds on the first amended complaint alleging claims against Corcoran officers only. It is clear, however, that plaintiff intends this action to proceed on his claims against defendants at all three prisons. In the interests of justice and for the good of the record, the court will grant plaintiff an opportunity to file a second amended complaint

4

containing in a single pleading all of his claims against the various defendants at the three prisons, and containing sufficient factual allegations to demonstrate a causal link between the alleged wrongdoing and each of the named defendants. Plaintiff is cautioned that failure to file a second amended complaint within the time provided will result in transfer of the matter back to the Fresno Division of this court where the action will proceed on the first amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 13) is denied;

2. The second amended complaint filed on March 3, 2017 (Doc. 14) is disregarded; and

3. Plaintiff may file a second amended complaint within 30 days of the date of this order.

DATED: June 29, 2017

　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE