1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES NEWMAN,                        No.  2:16-CV-1575-WBS-DMC

12              Plaintiff,

13        v.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   DEPARTMENT OF CORRECTIONS, et
     al.,
15
                Defendants.
16

17

18          Plaintiff, a former prisoner proceeding pro se, brings this civil rights action

19   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint

20   (Doc. 16).[1]

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

27   _____

28          [1]    Plaintiff's second amended complaint was erroneously docketed as a first amended
     complaint.

                                         1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PRODECURAL HISTORY

This matter was initiated with a prisoner civil rights complaint filed in the Fresno Division of this court.[2]  On July 11, 2016, Chief District Judge Lawrence J. O'Neill transferred the case to the Sacramento Division of the court.  Chief Judge O'Neill observed:

> Plaintiff is an inmate at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Doc. 2. However, Plaintiff names as defendants both the wardens of SATF and Solano State Prison ("SSP"), where he was previously incarcerated. Plaintiff delineates the following claims: (1) a Fourth Amendment claim based on his allegation that he was forced to submit to urinalysis without reasonable suspicion, and (2) an Eighth Amendment claim regarding the conditions he endured as punishment for violating prison rules related to the urinalysis, including that he was denied medical care during this period. While the Complaint does not explain what conduct is alleged to have occurred at which facility, Plaintiff attached a copy of the Rules Violation Report that documents that the urinalysis, and at least some of the disciplinary proceedings that followed, occurred at SSP. Compl. at Ct. R. 8-10. Thus, some, if not all, of the alleged violations took place in Solano County, which is part of the Sacramento Division of the United States District Court for the Eastern District of California. Therefore, the Complaint should have been filed in the Sacramento Division, pursuant to Local Rule 120(d).

> Id. at 1-2.

/ / /

---

[2]    Plaintiff was a prisoner at the time the action was commenced but has since been released from custody.  On October 25, 2018, the court directed the Clerk of the Court to re-designate this action is a non-prisoner pro se civil action.  See Doc. 20 (October 25, 2018, order).

Following transfer of the matter to the Sacramento Division of this court, plaintiff filed a first amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1). See Doc. 10. Responding to the transfer order, plaintiff states that he is complaining of events at SATF in Corcoran. Plaintiff specifically states: "Corcoran Prison is the institution which caused this harm." As to SSP, plaintiff states: "Plaintiff has prior civil tort claim in appellant review against Solano Prison for same acts." Attached to plaintiff's filing is an Eastern District form prisoner civil rights complaint in which he complains of a forced urine test on February 17, 2015. Plaintiff states on the form complaint that the events took place at Corcoran and he names only Corcoran prison staff as defendants.

In November 2016 plaintiff filed a notice of change of address indicating that he had been transferred to Salinas Valley State Prison (SVSP). Before the court could screen the first amended complaint, plaintiff filed a motion for leave to amend along with a second amended complaint. See Docs. 13 and 14. In his motion for leave to amend, plaintiff stated he wants to include allegations against staff at Solano and SVSP for "a continued cause of action from 8-20-2013 to 1-28-2017." In his second amended complaint, plaintiff named as defendants prison officials at SATF, SSP, and SVSP. Common to plaintiff's claims are allegations relating to mandatory drug testing at the three prisons, refusal to submit to drug tests, and the consequences thereof.

On June 29, 2017, the court denied plaintiff leave to file the second amended complaint submitted with his motion for leave to amend. See Doc. 15 (June 29, 2017, order). The court held leave to amend was not warranted:

> As with the original complaint and the first amended complaint, the proposed second amended complaint is frivolous in that it fails to state a claim for relief. Specifically, plaintiff does not link any alleged wrongdoing to any named defendant. Plaintiff names as defendants 32 Solano officers, 8 Corcoran officers, and 8 SVSP officers. Nowhere in the second amended complaint, however, does plaintiff state what any of the named defendants are alleged to have done, with the exception of the various prison wardens and other supervisory defendants whom plaintiff alleges are responsible under a respondeat superior theory. For this reason, the court will not grant leave to file the proposed second amended complaint, which will be disregarded.

Id. at 4.

3

1    Finally, the court stated:

2            At this point, the action proceeds on the first amended
         complaint alleging claims against Corcoran officers only. It is clear,
3        however, that plaintiff intends this action to proceed on his claims against
         defendants at all three prisons. In the interests of justice and for the good
4        of the record, the court will grant plaintiff an opportunity to file a second
         amended complaint containing in a single pleading all of his claims
5        against the various defendants at the three prisons, and containing
         sufficient factual allegations to demonstrate a causal link between the
6        alleged wrongdoing and each of the named defendants. Plaintiff is
         cautioned that failure to file a second amended complaint within the time
7        provided will result in transfer of the matter back to the Fresno Division of
         this court where the action will proceed on the first amended complaint.

8
         Id. at 4-5.
9

10   Plaintiff filed a second amended complaint on July 13, 2018.

11

12                       **II. PLAINTIFF'S ALLEGATIONS**

13           In the second amended complaint filed on July 13, 2018, plaintiff names the

14   "Department of Corrections," as well as the wardens of SATF, SSP, and SVSP as defendants.

15   Plaintiff also names as defendants a lengthy list of corrections officers from each of the three

16   institutions. According to plaintiff:

17           The Department of Corrections peace officers at Solano, Corcoran, and
         Salinas Valley did with malice aforethought under the color of law
18       demanded plaintiff/prisoner submit random urine drug test per CDCR
         Title 15 Reg. 3290 "Methods for Testing for Control Substances."
19       Knowing prisoner not civil addicted nor in CDCR drug treatment.
         Prisoner sought probable cause 4th Amend privacy per Reg. 3290(c)(1)
20       refusing demand. In direct retaliation for prisoner envoking [sic] his 4th
         Amend right to privacy prisoner was given his first CDCR rules violation
21       at Solano Prison 7-24-13. . .causing injury. . . . The continued cause of
         action lasted until 10-20-14 at Solano Prison amount to #14 illegal rule
22       violation reports. . . .

23           Doc. 16, at pg. 11.

24   As to the rules violations reports plaintiff sustained for refusing to submit to drug testing, plaintiff

25   states that he was assessed, among other punishments, a loss of good-time credits.

26   / / /

27   / / /

28   / / /

                                          4

# III. DISCUSSION

The court finds plaintiff's claims are not cognizable under § 1983. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

In particular, where the claim involves the loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf.

Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits). In this case, plaintiff's claims against prison officials at SATF, SSP, and SVSP all relate to prison disciplinary sanctions which include the loss of good-time credits. Success on plaintiff's claims the rules violation reports resulted from violation of his Fourth Amendment privacy rights necessarily implies the invalidity of the rules violation reports and the resulting sanctions. Because plaintiff has not alleged any of the rules violation findings resulting in loss of good-time credits has been set aside or invalidated, plaintiff's current civil rights claims are not cognizable. While plaintiff alleges he has submitted administrative "appeals" concerning drug testing, he does not indicate those grievances have been submitted through the third and final level of administrative review, not does plaintiff allege that outcome of any such grievance. Plaintiff does not indicate he has presented any court challenge to the rules violation reports.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 15, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7